UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BALDEV SINGH MULTANI, a/k/a<br>BALDEV SINGH,<br><br>　　　　Defendant. | CASE NO. 2:19-cv-01789-BJR<br><br>ORDER APPOINTING PRO BONO COUNSEL |

　　In this matter, the Government accuses the Defendant of illegally entering the United States and procuring U.S. citizenship under false pretenses. *See generally* Dkt. No. 1. (Complaint). Based on these allegations, the Government seeks to revoke Defendant's U.S. citizenship.

　　Defendant is unrepresented by counsel. The Government served Defendant with its complaint on January 24, 2020. Dkt. No. 6. Defendant failed to answer or otherwise respond to the Government's complaint within the statutorily provided sixty days. *See* 8 U.S.C. § 1451(b). The Government now brings a Motion for Summary Judgment, including noting Defendant's default. Dkt. No. 11.

　　Given the complexity of the issues at hand and the weighty consequence of denaturalization, the Court believes that Defendant would benefit greatly from representation. The

Court has the authority to appoint pro bono counsel. 28 U.S.C. § 1915(e)(1) ("[t]he court may request an attorney to represent any person unable to afford counsel"); *Perez v. Barr*, 957 F.3d 958, 964 (9th Cir. 2020) (courts "plainly ha[ve] the ability to appoint pro bono counsel" and that this power "stems from [court's] inherent judicial power"); *see also United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 798–804 (9th Cir. 1986). The Court, therefore, finds that the consequences of denaturalization and Defendant's default present exceptional circumstances warranting appointment of counsel. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004). The Court directs the Western District of Washington's Coordinator of the Pro Bono Panel to identify an attorney(s) or law firm from the Pro Bono Panel to represent Defendant for all further proceedings, should he consent once Pro Bono counsel has contacted him. *See* General Order 10-05 (W.D. Wash. Aug. 12, 2010).

Based on the foregoing, the Court will stay the deadlines established by its standing order for Defendant's response to the Government's pending Motion for Summary Judgment. *See* Dkt. No. 7 at II.A. Once counsel is appointed for Defendant, the Court expects the parties to confer and provide a joint status report as to how to proceed in this matter, including when to reschedule briefing on the pending motion.

DATED this 3rd day of August, 2020.

_____
BARBARA J. ROTHSTEIN
UNITED STATES DISTRICT JUDGE